## In re REACH.

### Patent Appeal No. 2912.

Court of Customs and Patent Appeals.
March 28, 1932.

Spear, Middleton, Donaldson & Hall, of Washington, D. C. (William F. Hall, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant seeks a patent upon a Multi-dot golf ball, his claims being typified by claim 7 which reads as follows: "7. A golf ball having small depressions substantially uniformly distributed over its surface and a plurality of individual, substantially uniform and widely spaced apart, colored dots on said surface, each dot being located in a depression and said dots being sufficiently numerous so that in any lie of the ball, when viewed from above, at least one of the dots will be clearly visible."

It is thought the quoted claim describes the article with sufficient clarity to enable its visualization without further description.

Appellant claims that the dot arrangement set forth in the claims performs three wholly new and novel functions, viz:

"(1) It enables a player to identify the ball with which he is playing, and to distinguish that of his adversaries, in any lie of the ball on the golf course, *without lifting the ball.*

"(2) It makes the ball appear larger than it is.

"(3) It enables one, at a considerable distance from a player, to determine its make. * *. * " (Italics quoted.)

All the claims, three in number, were rejected by the Examiner of the United States Patent Office on the ground that they presented nothing patentable, in view of the prior art as shown in patents cited, to wit: Knight et al., 676,506, June 18, 1901; Taylor, 878,-254, February 4, 1908; Riblet, 906,932, December 15, 1908; Young, 1,656,408, January 17, 1928.

Upon appeal the decision was affirmed by the Board of Appeals whereupon the appeal to this court was taken.

In its decision the Board of Appeals gave a somewhat more elaborate discussion of the issue than was contained in the decision of the Examiner, making reference to common knowledge of the use of a certain type of golf ball, and, in a supplemental opinion, given in response to applicant's request for clarification of part of its first opinion, added specifically a reference to a trade-mark registration, No. 62,085, April 16, 1907, of A. G. Spalding & Bros.

Physical exhibits of the ball upon which said trade-mark is applied were produced during the argument before us by counsel for appellant.

These show white golf balls having regular and uniform depressions or "dimples" upon their surfaces, and having at opposite sides, or poles, the name "Spalding" with a small dot underneath the name, the dot being placed not in one of the regular "dimples," but in a relatively smaller depression made in the "ridge" between certain of said "dimples." The name and the dot correspond in color which varies on different balls, some being black, some blue, etc.

Before us appellant's counsel stresses quite earnestly the feature of aid in identification by the golf-player of the particular ball which he is using in a game, through the medium of the dots arranged as called for by the claims, without the necessity of lifting said ball in violation of the strict rules of the game. In whatever position the ball may come to rest a sufficient number of dots will be visible, as it lies, to enable identification of the individual ball which any particular player may be using. At the same time there are not a sufficient number of dots to destroy the general effect of whiteness appertaining to the ball's entire surface.

We are unable to find invention in behalf of appellant.

The desirability of providing means whereby a player may identify the ball which he has in use is taught by the prior art cited, and means stated for accomplishing the desideratum. It is true the means suggested in this prior art differ from the means adopted by appellant, but appellant in working out his means seems merely to have provided a ball marked with a larger number of dots than are used on the trade-marked ball exhibited, placed in the larger depressions, rather than in a smaller one, probably specially made for that purpose.

The case of In re Meinecke, 44 F.(2d) 674, 18 C. C. P. A. 752, involved an application for both method and article claims relating to marking and marked barrels and pistons of glass syringes with corresponding numbers for the purpose of easy identification.

In holding same not patentable, this court said: " * * * Surely there can be no invention in applying to glass syringes a practice, the exact principle of which has been applied in innumerable arts, probably from the time that men first learned to write characters representing numbers."

It seems to us that, even if there be invention in marking golf balls in some particular manner, or in the ball so marked, for the purpose of aiding in identification, there was no invention involved in marking the ball with a larger number of dots than the two present upon the trade-marked article.

We fail to see wherein there was an advance over the prior art which went beyond the exercise of mere skill and amounted to the dignity of discovery or invention.

The decision of the Board of Appeals is affirmed.

Affirmed.